IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JER'RINA GREEN,<br><br>  Plaintiff,<br><br>v.<br><br>OFFICER JAMES DALY,<br><br>  Defendant. | Civil Action No. 24-906-GBW |

Patrick C. Gallagher, JACOBS & CRUMPLAR, P.A., New Castle, DE.

  *Counsel for Plaintiff*

Maria T. Knoll, NEW CASTLE COUNTY OFFICE OF LAW, New Castle, DE.

  *Counsel for Defendant*

## **MEMORANDUM OPINION**

September 26, 2025
Wilmington, Delaware

_[signature]_

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

On August 1, 2024, Plaintiff Jer'rina Green ("Plaintiff" or "Miss Green") filed a Complaint in this Court against Defendant James Daly ("Defendant" or "Officer Daly"), a police officer of the New Castle County Police Department ("NCCPD"), alleging (1) excessive force, (2) battery, and (3) intentional infliction of emotional distress. D.I. 1. Pending now before the Court is Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint ("Motion" or "Motion to Dismiss") (D.I. 4), which has been fully briefed (D.I. 5; D.I. 7). For the following reasons, the Court grants Defendant's Motion.

## I.   BACKGROUND

The following are factual allegations taken as true for the purpose of Officer Daly's Motion to Dismiss. "On the evening and into the night of September 16, 2022, there was a high school football game at Brandywine High School." D.I. 1 ¶ 9. "Two fights broke out that evening at the game." D.I. 1 ¶ 10. "The first was a large fight involving . . . more than twenty people." D.I. 1 ¶ 10. "Officers from the NCCPD responded to assist." D.I. 1 ¶ 10. Officer Daly "arrived after the initial fight had been broken up but responded to assist with crowd control." D.I. 1 ¶ 11.

"At some point, Officer Daly noticed a commotion elsewhere in the parking lot." D.I. 1 ¶ 12. "Officer Daly began running toward a group of people." D.I. 1 ¶ 12. "The group of people turned out to be the second fight in which several African-American females were involved." D.I. 1 ¶ 13. In this second fight, Dayonah Gray ("Miss Gray") and Janiyah Brown ("Miss Brown") were "on the ground" and "fighting." D.I. 1 ¶¶ 17-18. An officer "drug" Miss Gray "away from the altercation" and "handcuffed" her. D.I. 1 ¶ 17. A separate officer "grabbed" Miss Brown when Miss Brown was "standing up" from the fight with Miss Gray. D.I. 1 ¶ 18.

While the second officer was pulling Miss Brown "away, Miss Green struck or attempted to strike" Miss Brown. D.I. 1 ¶ 19. Officer Daly, "without stopping his run, grabbed Miss Green from behind and slammed her onto the pavement." D.I. 1 ¶ 20. "Officer Daly then aggressively yelled, 'Get the fuck back!'" D.I. 1 ¶ 21. "Officer Daly straddled Miss Green while she was face down on the pavement." D.I. 1 ¶ 22. "Even though she was not resisting, Officer Daly pulled Miss Green's right arm up and behind her." D.I. 1 ¶ 22. Miss Green "complied with being handcuffed." D.I. 1 ¶ 22. An onlooker said something to Officer Daly to the effect "that Miss Green had an artificial hip, to which" Officer Daly "gruffly responded, 'Not my problem!'" D.I. 1 ¶ 23.

## II. LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

In evaluating a motion to dismiss, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quoting *In re Burlington*

*Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)), *aff'd*, 2018 U.S. App. LEXIS 38873 (3d Cir. Apr. 6, 2018). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Media*, No. 23-cv-1078-GBW, 2024 U.S. Dist. LEXIS 160991, at *4 (D. Del. Sep. 6, 2024). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 23-cv-239-KAJ, 2024 U.S. Dist. LEXIS 96985, at *4 (D. Del. May 31, 2024).

## III. DISCUSSION

Defendant moves to dismiss the second and third counts of Plaintiff's Complaint under the immunity provisions of the Delaware Tort Claims Act. D.I. 4. "The Delaware Tort Claims Act generally immunizes 'governmental entities and their employees . . . from suit on any and all tort claims seeking recovery of damages.'" *Adams v. Selhorst*, 449 F. App'x 198, 204 (3d Cir. 2011) (quoting 10 Del. C. § 4011(a)). An employee of a governmental entity, however, "may be personally liable for acts or omissions causing property damage, bodily injury or death in instances in which the governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or wilful and malicious intent." 10 Del. C. § 4011(c).[1]

---

[1] There appears to be some confusion among courts on whether motions to dismiss on the basis of the immunity provisions at issue here should be evaluated under Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* D.I. 5 at 4 (listing cases taking different approaches). Since the Court is dismissing the second and third counts on the stricter Rule 12(b)(6) standard,

Here, the parties primarily dispute whether Officer Daly's actions were performed with wanton negligence or willful and malicious intent, thus excepting Officer Daly's actions from the immunity provisions discussed above. "Wanton negligence and willful and malicious intent require a much higher showing than simple negligence." *Shockley v. Whitehead*, No. N12C-12-103 CLS, 2014 Del. Super. LEXIS 142, at *7 (Super. Ct. Mar. 26, 2014). "To succeed on a claim of wanton negligence, a plaintiff must show that the employee, with no intent to cause harm, performed an act so unreasonable and dangerous that he either knows or should know that there is an imminent likelihood of harm which can result." *Id.* (cleaned up). Stated another way, wanton "means heedless, malicious or reckless, but does not require actual intent to cause harm." *Vannicola v. City of Newark*, No. 07c-03-040-JOH, 2010 Del. Super. LEXIS 629, at *24 (Super. Ct. Dec. 21, 2010).

"Wilful conduct has been defined in tort law as including the element of actual intent to cause injury." *Shockley*, 2014 Del. Super. LEXIS 142, at *8. "Malice can be implied from the circumstances or express." *Id.* "Express malice is defined as ill will against a person, and is indicated by the disposition or temper of mind with which the party did a particular act, as where he did it with the view to injure a particular individual generally, or in some specific manner, or that [] he acted from personal animosity or an old grudge." *Id.* (cleaned up).

Two cases illustrate the degree of conduct that may infer wanton negligence or willful and malicious intent.

*First*, in *Samuels v. Hall*, a detective "grabbed" the "plaintiff's wrist to prevent" the plaintiff from throwing hot coffee at the detective, and after the plaintiff then "pulled away" from

---

the Court need not address this apparent confusion. The Court also notes that, while the Delaware Code uses the term "wilful," Delaware courts often spell the word as "willful."

5

the detective, a second detective "grabbed the back of plaintiff's hooded sweatshirt and was dragged for a short distance" until the first detective "was also able to grab hold of plaintiff." No. 03-150-SLR, 2004 U.S. Dist. LEXIS 14956, at *4 (D. Del. July 19, 2004). Defendant, a third detective, approached and "struck" the plaintiff "once with a closed fist in the upper right side of his rib area and once in his left thigh" to facilitate arrest. *Id.* at *5. This Court held that the defendant's striking of the plaintiff was not, as a matter of law, performed with "wanton negligence or willful and malicious intent." *Id.* at *18.

*Second*, in *Washington v. Wilmington Police Department*, "Officer Cunningham rushed up to a visibly handicapped woman, and after she stated she could physically not comply with his commands, he forcibly pushed her against a wall and restrained her." C.A. No. 92C-05-159, 1995 Del. Super. LEXIS 472, at *11 (Super. Ct. Sep. 18, 1995). The Delaware Court held that such evidence created "an issue of fact as to whether a jury could justifiably find that Officer Cunningham's conduct was wanton or malicious in nature." *Id.*

Here, accepting the allegations in the Complaint as true and viewing those allegations in the light most favorable to Plaintiff, that Officer Daly "grabbed Miss Green from behind and slammed her onto the pavement" in response to Miss Green striking or attempting to strike Miss Brown as part of a "fight in which several" people were involved (D.I. 1 ¶¶ 13, 19-20) was not, as a matter of law, performed with wanton negligence or willful and malicious intent. Such conduct could not have been performed, as a matter of law, with the requisite degree of culpability, i.e., the degree that requires a "much higher showing than simple negligence." *See Shockley*, 2014 Del. Super. LEXIS 142, at *7.

Indeed, Officer Daly's actions are more akin to (and perhaps less severe than) the actions of the defendant in *Samuels*, where the defendant, without wanton negligence or willful and

6

malicious intent as a matter of law, "struck" the plaintiff "once with a closed fist in the upper right side of his rib area and once in his left thigh" to facilitate arrest (2004 U.S. Dist. LEXIS 14956, at *6), and less akin to the actions of the defendant in *Washington*, where the defendant, with a triable fact of wanton negligence or willful and malicious intent, "rushed up to a visibly handicapped woman, and after she stated she could physically not comply with his commands, . . . forcibly pushed her against a wall and restrained her" (1995 Del. Super. LEXIS 472, at *11).

Plaintiff quotes *Vannicola* for the proposition that "whether any conduct, including police conduct, constitutes negligence or wanton negligence is undeniably a question for jury determination." D.I. 5 at 6 (quoting 2010 Del. Super. LEXIS 629, at *26). However, for the jury to consider the question of whether certain conduct was performed with wanton negligence, *Vannicola* confirms that there still must be "enough evidence" that "exists that could lead a reasonable jury to find" as much. *Vannicola*, 2010 Del. Super. LEXIS 629, at *26. Without such evidence, courts can decide the question as a matter of law. *See, e.g., Samuels*, 2004 U.S. Dist. LEXIS 14956, at *18-19 (deciding, as a matter of law, that "the record reflect[ed] no evidence that defendant acted with 'wanton negligence' or 'willful and malicious intent'"); *Hedrick v. Webb*, C.A. No. 01C-06-031-RFS, 2004 Del. Super. LEXIS 379, at *22 (Sup. Ct. Nov. 22, 2004) ("The Court finds that as a matter of law, based on the facts presented, only one conclusion can be reached. The conduct of Officers Powell and Manusiuk did not rise to the level of wanton negligence or willful or malicious intent."). Here, the allegations in the Complaint, which the Court accepts as true and views in the light most favorable to Plaintiff, are, as a matter of law, insufficient for a jury to reasonably find that the conduct at issue was performed with wanton negligence, or for that matter, willful and malicious intent.

7

Without wanton negligence or willful and malicious intent, the exception to immunity does not apply and Defendant is immune, under the Delaware Tort Claims Act, from suit over the tort claims in Plaintiff's Complaint. Count I of Plaintiff's Complaint shall continue.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court grants Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (D.I. 4).[2] Count I of Plaintiff's Complaint shall continue.

---

[2] In light of the Court's ruling, the Court does not address Defendant's remaining arguments.